UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO: 6:14-cv-978-Orl-37KRS3

CLINTON STEPHENSON,

    Plaintiff,

v.

AMICA MUTUAL INSURANCE
COMPANY

    Defendant.

_____/

## PLAINTIFF'S MOTION TO REMAND
## AND SUPPORTING MEMORANDUM OF LAW

COMES NOW, the Plaintiff, CLINTON STEPHENSON, by and through undersigned counsel and pursuant to 28 U.S.C. 1447, hereby files his Motion to Remand this matter to State Circuit Court and in support thereof would state:

### FACTS AND EXHIBITS

1) Plaintiff was injured in an automobile accident occurring on September 10, 2010.

2) Prior to filing a lawsuit, Plaintiff attempted to settle his claim with the tortfeasor, Richard Mueller, as well as with Amica Mutual Insurance Company, (hereinafter referred to as Amica) Stephenson's Uninsured Motorist Carrier.

3) Plaintiff, through his attorney, at this times stipulates that he is willing to settle this case for an amount equal to or less than $50,000.00. (Exhibit A, attached)

4) Plaintiff asserts that at all times to date, Plaintiff has been and is willing to accept an amount equal to or less than $50,000.00, including at the time the Removal Action was filed by the Defendant. (Exhibit A, attached)

5) On or about September 21, 2011, Allstate on behalf of Richard Mueller, offered $5,595.00 to settle. (Exhibit B, attached).

6) On or about December 13, 2012, Allstate on behalf of Richard Mueller, increased its offer to $6000.00, explaining the minimal value of the claim (Exhibit C, attached). Until the lawsuit was filed, Allstate never increased this offer.

7) On November 29, 2012, Plaintiff offered to settle with Amica for $100,000 despite the policy limits being $200,000. (Exhibit D, attached)

8) On December 12, 2012, Amica responded to that settlement demand and stated that "the claim is valued within the underlying offsets totaling $26,000. (Exhibit E, attached).

9) On February 1, 2013, Amica again responded that the claim was valued within the underlying limits (Exhibit F. Attached).

10) On October 4, 2013, Plaintiff filed a Civil Remedy Notice against Amica (Exhibit G, attached)

11) On or about November 4, 2013, Amica responded to the Civil Remedy Notice by offering $5000.00 to settle the case. (Exhibit H, attached)

12) The underlying lawsuit was filed in Brevard County Circuit Court on December 31, 2013. Both Richard Mueller and Amicus were named in the underlying lawsuit as defendants.

13) After Defendants were served and litigation commenced, Allstate offered to settle the case for $15,000, policy limits (that offer was conveyed on February 27, 2014). (Exhibit I, attached).

14) Amicus, by letter dated March 6, 2014, approved of the settlement and waived

subrogation rights. (Exhibit J, attached)

15) On May 14, 2014, after paperwork was executed and the settlement check cleared, Richard Mueller was formally dismissed from the underlying action. (See Register of Actions, Brevard County, Exhibit K attached)

16) On June 25th, 2014, Defendant, Amica filed its notice of Removal based on diversity of citizenship of the parties and the allegation the Plaintiff is seeking in excess of $75,000.00 as damages in this personal injury case.

17) Removal occurred more than 30 days after AMICA knew it was the only remaining party in the Suit and well over a year after Plaintiff had demanded $100,000 in settlement.

## LAW AND ARGUMENT

### TIMELINESS

Defendant, Amica, has removed this case purportedly because the Case is worth more than $75,000 after set-offs. Plaintiff has been and is willing to settle this cause for an amount right now of $50,000 or less. Regardless, to the extent Amica claims the Plaintiff's case is valued at an amount of $75,000 or greater, it is apparently based on a demand sent to Amica by Plaintiff on November 29, 2012 or thereabout. In that demand, Plaintiff offered to settle his case for an amount of $100,000. Therefore, Defendant had in its possession Plaintiff's "Demand Package" which evidenced Plaintiff was arguably valuing his claim at an amount in excess of $75,0000.00. Assuming the Plaintiff's claim is legitimately valued at an amount of $75,000 after set-offs, Defendant should have removed this matter to Federal Court no later than June 13th, 2014, which was thirty days after Notice of Dismissal of the non-diverse party to this action.

Defendant's Notice of Removal, however, was not filed until June 25th, 2014, and was therefore untimely.

28 U.S.C. § 1446. Procedure for removal of civil actions, states in pertinent part:

(b) Requirements; Generally — (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. . . .

" (3) Except as provided in subsection ©, if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Pursuant to the longstanding, judicially created "voluntary-involuntary" rule, if the resident defendant was dismissed from the case by the voluntary act of the plaintiff, the case became removable. See Riverdale Baptist Church V. Certainteed Corp. 349 F. Supp.2d 943 (D. Md. 2004); Insinga V. Labella, 845 F.2d 249 (11th Cir. 1988). As Amica knew Plaintiff settled with the resident defendant and the dismissal was effective May 14th, 2014, Amica had 30 days once the case became removable to do so.

The crucial inquiry is when the defendant should have "intelligently ascertained" that the case was removable once the non-diverse party was dismissed . See Bankston V. Illinois Nat. Ins. Co. 443 F. Supp.2d 1380 (M.D. Fla. 2006). It is apparently Defendant's position that the thirty (30) day period to Remove began to run when Plaintiff's Response to the Request for Admissions became "part of the record" and not when removal became possible due to the dismissal of the non-diverse Party.

However, settlement demands are a part of the civil litigation process, and Defendants can rely upon them as "other paper" under 28 U.S.C. 1446 (b) to remove a

matter to Federal Court. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1213 n.62 (11th Cir. 2007); Johnson V. Mcghee, Case No. 6:13-cv-1314-Orl-37DAB (M.D.Fla. 10-23-2013); Seoanes V. Capital One Bank, Case No. 6:13-cv-1568-Orl-37GJK (M.d.fla. 12-4-2013); Accordingly, Defendant has failed to file its Notice of Removal in a timely fashion, and Plaintiff respectfully requests the cause should be remanded for this reason alone.

## JURISDICTION AMOUNT

Regardless of the untimely situation, the Defendant has failed to establish this cause is within the Jurisdiction of this Court because it has the burden to show the amount in controversy exceeds the jurisdictional amount of $75,000. Defendant's own evaluation of the claim indicates it has a minimal value of, at best, $5000 pursuant to its settlement offer after a Civil Remedy Notice was filed against it. Allstate, on behalf of the Tortfeasor also saw little value to the claim, given the low offers made in settlement. There have been no additional medical claims or injures which have supplemented the previous Settlement demand for which Amica offered only $5000.00. If the Defendant does not believe the case is worth more than $5000.00 pursuant to all information available to it, how can it come into this Court and claim, under Rule 11, that the amount in controversy exceeds this $75,000?

28 U.S.C. § 1446(b) allows a defendant to remove after receipt from the plaintiff of a "paper" showing federal jurisdiction. A defendant removing under Section 1446(b) must provide facts — not mere conclusions — that readily establish federal jurisdiction. Lowery v. Alabama Power, 483 F.3d 1184, 1215 (11th Cir. 2007); see also Williams v. Best Buy, 269 F.3d at 1316, 1319-20 (11th Cir. 2001).

The plaintiff's demand letter and the civil remedy notice papers either establish that Amica KNEW the case was worth $75,000 early on, in which case Removal was untimely, or alternatively failed to satisfy the defendant's burden to establish federal jurisdiction. See Piazza v. Ambassador JV, L.P., 2010 WL 2889218 (M.D. Fla. 2010) ("a settlement demand provides only marginal evidence of the amount in controversy because the 'plaintiff's letter is nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages' sought by the plaintiff") (quoting Stanbridge v. Wal-Mart Stores, 945 F. Supp. 252, 256-57 (N.D. Ga. 1996)); see Parrish v. Sears, Roebuck and Co., 2010 WL 3042230 (M.D. Fla. 2010); Thibodeaux v. Paccar, Inc., 592 F. Supp. 2d 1377, 1379 n.1 (M.D. Ala. 2009); see also 14AA Wright & Miller, Federal Practice and Procedure § 3702 (2011).

Defendant relies on the Plaintiff's Responses to the Requests for Admission for its case for Removal. Those responses neither admitted nor denied the value of the Plaintiff's claim. It would potentially be malpractice for the Plaintiff's attorney to file a pleading which could be used against the Plaintiff as trial. The responses to the Request for Admissions add no information that was not already available to Amica at the Dismissal of the Tortfeasor.

In Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319-20 (11th Cir.2001), the Eleventh Circuit held that if the requisite jurisdictional amount is not facially apparent from the complaint (as is the case here), the district court should look to the notice of removal and may require thedefendant to submit evidence supporting its claim:

> "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Id. Further, it is the removing defendant's burden to show by a preponderance of the evidence that the amount in controversy

exceeds the jurisdictional amount. "Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294 (11th Cir. 2008)."

In the case of Dukas V. First Liberty Insurance Company (M.d.fla. 2-6-2014), the court held a response to Request for Admissions in which the Plaintiff indicated damages "may" exceed $75,000 inadequate to confer Federal Jurisdiction:

First Liberty's sole basis for the removal of this breach of contract case is Plaintiffs' supplemental response to a Request for Admission in which Plaintiffs indicate that their damages "may" exceed $75,000. . . the Notice of Removal does not satisfy the Court that the jurisdictional amount has been satisfied. . . .

A number of courts have determined that a plaintiff's discovery responses concerning the amount in controversy are not sufficient to support removal of a case to federal court. See, e.g., Bruzon-Pena v. Infinity Indem. Ins. Co., No. 8:09-cv-2170-T-33EAJ, 2010 U.S. Dist. LEXIS 103084 (M.D. Fla. July 14, 2010) (remanding breach of insurance contract case when removal was predicated upon plaintiff's failure to commit to an amount in controversy during discovery); Mathews v. GEICO, No. 8:13-cv-3053-T-33TBM (M.D. Fla. Dec. 31, 2013,) (remanding bad faith insurance case when removal was predicated upon plaintiff's discovery responses); MacDonald v. Circle K. Stores, Inc., No. 6:08-cv-1825-Orl-22DAB, 2009 U.S. Dist. LEXIS 3117 (M.D. Fla. Jan. 16, 2009) (remanding slip-and-fall case when removal was based on plaintiff's responses to requests for admissions and interrogatory answers regarding the amount in controversy and noting that responses to interrogatories "merely establish the possibility — not a probability — that the Plaintiff's damages might exceed $75,000.").

Amica points to the Plaintiff's complaint claiming "serious" injuries to support its Motion for Removal. But as noted by the court in Young v. Allstate, Case 8:13-cv-02912-SDM-TGW, Judge Steven Merrday held (copy attached as exhibit L):

"The complaint categorizes the plaintiffs purported grievances, including pain and suffering, medical expenses, disability, and loss of earning capacity. (Doc. 5 ¶ 9) The allegations, however, inhere in almost every tort complaint, convey no fact, and fail to establish the requisite amount in controversy Miedema v. Maytag Cott., 450 F.3d 1322, 1330 (11th Cir. 2006)".

## CONCLUSION

The plaintiff sued in the state court in December, 2013, more than one year after

his demand letter and later his civil remedy notice to Amica. After suing the defendant in this action, the plaintiff settled his claim against the tortfeasor (Richard Mueller) for $15,000.00. Amica has never offered more than $5000.00 to settle the claim. Plaintiff is currently willing to settle the case for $50,000.00 or less. Given the setoff for which Amica is entitled, including the underlying settlement amount and Pip in the amount of $10,000.00, and given Amica's offer to settle of only $5000.00, it is respectfully suggested that Amica does not in good faith believe the Jurisdiction amount of $75,000 to be met in this case. Regardless, it has not met its burden of establishing the Jurisdictional amount equals or exceeds $75,000.00.

WHEREFORE, it is respectfully requested this Court grant Plaintiff's Motion to Remand.

Dated this ____ day of July, 2014.

**CERTIFICATE OF COMPLIANCE WITH RULE 3.10**

The undersigned certifies that he has consulted with opposing counsel, Brian Stokes, who opposes the granting of this Motion.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to Brian D. Stokes, Esquire, attorney for Amica Mutual Insurance Company, Alvarez, Winthrop, et.al. P.O. Box 3511, Orlando, Fl. 32802 via transmission of Notice of Electronic Filing generated by CM/ECF, on this 21st day of July, 2014.

Respectfully,

By: /s/ David J. Gorewitz, Esq.
DAVID GOREWITZ, PA
Florida Bar No: 817678
1900 S. Harbor City Blvd,
Ste 129 Melbourne, FL 32901
(321) 984-0046
(321) 951-3409 facsimile
Attorney for Plaintiff
David@Gorewitzlaw.com
David@Gorewitzlaw.com