**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CLINTON STEPHENSON,

        Plaintiff,

v.                                                    Case No. 6:14-cv-978-Orl-37KRS

AMICA MUTUAL INSURANCE
COMPANY,

        Defendant.

_____

## ORDER

This cause is before the Court on the following:

1.  Plaintiff's First Amended Motion to Remand and Supporting Memorandum

    of Law (Doc. 17), filed July 23, 2014; and

2.  Defendant's Memorandum of Law in Response and Opposition to Plaintiff's

    Motion to Remand to State Court (Doc. 19), filed August 14, 2014.

Upon consideration, the Court finds that the motion is due to be denied.

## BACKGROUND

On September 10, 2010, Plaintiff was struck by a car while riding his bicycle.

(*See* Doc. 2, ¶¶ 3–4, 8.) He suffered permanent injuries from the accident and now seeks

compensation from Defendant, his underinsured-motorist insurance provider. (*Id.* ¶¶ 4, 8.)

On November 29, 2012, Plaintiff served Defendant with a pre-suit demand letter in

which he offered to settle this matter for $100,000. (Doc. 17-4, p. 4.) Defendant declined

(*see* Doc. 17-5), and Plaintiff accordingly sued Defendant in state court (Doc. 2).

Plaintiff filed the Complaint on December 31, 2013, and initially sued the driver as

well as Defendant. (*See id.*) In terms of diversity, Plaintiff and the driver were both Florida

citizens. (*See id.* ¶ 3; Doc. 17, p. 4; Doc. 19, p.1.) In terms of the amount in controversy, Plaintiff alleged that he suffered damages in excess of $15,000, but did not otherwise quantify the relief requested or clarify the nature and extent of his injuries. (Doc. 2, ¶¶ 1, 4, 7–8.)

Beginning on February 28, 2014, Defendant propounded a series of discovery requests through which it sought clarification of the nature and extent of Plaintiff's damages. (Doc. 1-9, 1-10.) Plaintiff never responded to the discovery requests.[1] (*See* Doc. 1-10.)

On May 14, 2014, Plaintiff reached a settlement with the driver and dismissed all claims against him. (Doc. 1-16.) The dismissal created for the first time complete diversity of citizenship.[2] (Doc. 17, p. 4; Doc. 19, p.1.)

On June 13, 2014, Defendant served Plaintiff with a request for admission asking him to admit that the amount in controversy in this action does not exceed $75,000. (Doc. 1-18, ¶ 1.) Plaintiff responded on June 17, 2014, and rather than admit or deny the request, he objected to the question on the ground that it invaded the "province of the jury." (*See* Doc. 1-19, ¶ 1.)

On June 23, 2014, Defendant removed the action to this Court. (Doc. 1.) Plaintiff now moves to remand. (Doc. 17.) Defendant opposes. (Doc. 19.) The matter is ripe for the Court's adjudication.

---

[1] Defendant moved to compel production of the requested documents and interrogatory answers (Doc. 1-11), and the state court set the motion for a hearing on July 3, 2014 (Doc. 1-17). However, the hearing was canceled due to the case's removal to this Court. (Doc. 9, p. 1 n.1.)

[2] Defendant is incorporated in and principally conducts business out of Rhode Island, and is therefore a citizen of that state. (Doc. 9.)

**STANDARDS**

Removal jurisdiction exists where a state-court claim could have been brought originally in federal court. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over actions in which the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The removing party bears the burden of establishing federal jurisdiction. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Where removal is based on diversity jurisdiction, Courts may look to the complaint, notice of removal, and any other relevant papers to determine whether the amount in controversy is satisfied. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010). Uncertainties concerning jurisdiction are resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

> The timeliness of removal is governed by 28 U.S.C. § 1446(b), which provides:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Id.* § 1446(b)(3). Demand letters qualify as "other papers," as do equivocal discovery responses. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.62 (11th Cir. 2007).

**DISCUSSION**

Plaintiff moves to remand this action on the grounds that removal was untimely and that the amount in controversy does not meet the jurisdictional threshold. (Doc. 17, pp. 3–8.) Specifically, Plaintiff contends that since the filing of the Complaint, Defendant has had access to all of the documents it needed to determine the amount in

controversy—namely, the pre-suit demand letter and the Complaint itself. (*See id.*) Accordingly, Plaintiff argues that if those documents demonstrate the requisite $75,000 amount in controversy, Defendant should have ascertained that the case became removable on May 14, 2014—the date of the non-diverse party's dismissal—and therefore should have removed this case by June 14, 2014. (*See id.*) However, Plaintiff maintains that the amount in controversy at the time of removal was less than $75,000. (*Id.*) The Court disagrees on both points.

First, the driver's dismissal did not trigger the thirty-day removal period under § 1446(b) because Plaintiff had not yet served Defendant with "a copy of an amending pleading, motion, order or other paper" from which it could have ascertained the amount in controversy. *See* 28 U.S.C. § 1446(b)(3). The allegations in the Complaint regarding damages were too sparse to prove the amount in controversy on their own (*see* Doc. 2, ¶¶ 4, 8 (failing to identify Plaintiff's injuries or make a specific monetary demand)), and pre-suit demand letters do not trigger the removal period. *See Vill. Square Condo. of Orlando, Inc. v. Nationwide Mut. Fire Ins. Co.*, 6:09-cv-1711-Orl-31DAB, 2009 WL 4855700, at *4 (M.D. Fla. Dec. 10, 2009) ("[P]re-suit documents concerning the amount in controversy do not trigger the thirty-day clock in 28 U.S.C. § 1446(b)."); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992) ("The plain language of the second paragraph of § 1446(b) requires that if an 'other paper' is to start the thirty-day time period, a defendant must receive the 'other paper' after receiving the initial pleading."). If the removal clock began to run in this case, it did so on June 17, 2014, when Defendant received Plaintiff's equivocal response to its request for admissions. *See Lowery*, 483 F.3d at 1212 n.62 (observing that responses to requests for admissions

qualify as "other papers" for purposes of § 1446). Defendant's June 23, 2014 removal was plainly timely.

Second, the Court finds based on its "judicial experience and common sense" that the amount in controversy in this case exceeds the jurisdictional threshold. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). Although separately the allegations in the Complaint (Doc. 2), the medical information provided in Plaintiff's pre-suit demand letter[3] (Doc. 17-4), and Plaintiff's equivocal discovery responses[4] (Doc. 1-19) would not prove by a preponderance of the evidence that more than $75,000 is in controversy, together they suffice. *See, e.g.*, *Wilson v. Target Corp.*, No. 10-80451-CIV, 2010 WL 3632794, at *3–4 (S.D. Fla. Sept. 14, 2010) (finding that a pre-suit demand letter and a plaintiff's "noncommittal responses" to requests for admissions sufficiently demonstrated a $75,000 amount in controversy). Plaintiff's motion to remand is therefore due to be denied.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.      Plaintiff's First Amended Motion to Remand (Doc. 17) is **DENIED**.

---

[3] A defendant may rely on pre-suit demand letters to demonstrate the amount-in-controversy even though those letters do not trigger the removal period. *See Jade E. Towers Developers v. Nationwide Mut. Ins. Co.*, 936 F. Supp. 890, 892 (N.D. Fla. 1996) ("Although the defendant *may* utilize information from such a demand letter to support removal, it does not trigger the running of the thirty-day period under Section 1446(b).").

[4] The Court adds that, while genuine jurisdictional ambiguities must be resolved in favor of remand, *see Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), jurisdictional ambiguities of a plaintiff's own creation generally weigh in favor of removal. *See, e.g.*, *Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1380 (M.D. Fla. 2009) (finding that "deliberatively equivocal interrogatory responses" weigh in favor of removal). The increasingly common practice among plaintiffs of equivocating to avoid removal is therefore counterproductive as well as inconsistent with counsel's obligation for candor.

2.      Plaintiff's Motion to Remand (Doc. 16) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 21, 2014.



_____
ROY B. DALTON JR.
United States District Judge


Copies:

Counsel of Record